NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RJB WHOLESALE, INC.,

        Plaintiff-Appellant,

v.

JEFFREY CASTLEBERRY; and JANE
DOE CASTLEBERRY,

        Defendants-Appellees.

No.   18-35916

D.C. No. 2:16-cv-1829-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted December 12, 2019
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and PRATT,[**] District Judge

        Plaintiff-Appellant RJB Wholesale, Inc. ("RJB") appeals the grant of

summary judgment and award of attorneys' fees in favor of Defendant-Appellant

---

    [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]  The Honorable Robert W. Pratt, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

Jeffrey Castleberry ("Castleberry"). We have jurisdiction under 28 U.S.C. § 1291. Following oral argument, we affirm in part and reverse in part.

First, the summary judgment order, which we review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). Castleberry sought summary judgment on all claims based on, inter alia, RJB's failure to provide evidence of damages. The district court agreed that all of RJB's claims failed for lack of damages and granted summary judgment accordingly. Our de novo review reaches the same result: Even if there were a trade secret, RJB failed to prove damages for all claims, so summary judgment in Castleberry's favor was warranted.[1]

Next, the attorneys' fees. RJB argues the district court erred in finding Castleberry entitled to attorneys' fees because this suit was not brought in bad faith. We review questions of law concerning entitlement to attorneys' fees de novo, and factual findings for clear error. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). Under the Defend Trade Secrets Act and Washington's Uniform Trade Secrets Act ("UTSA"), "[i]f a claim of misappropriation is made in bad faith," the

---

[1] Because we affirm the summary judgment order on de novo review, we necessarily find that the district court did not abuse its discretion in denying RJB's motion for reconsideration. *See Koch v. Hankins*, 928 F.2d 1471, 1475 (9th Cir. 1991); *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 n.1 (9th Cir. 1989). To the extent RJB appeals the grant of Castleberry's motion to compel, we affirm. The information requested was relevant to the subject matter involved, so the district court did not abuse its discretion. *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423–24 (9th Cir. 1995).

court may "award reasonable attorney's fees to the prevailing party." Wash. Rev. Code § 19.108.040; 18 U.S.C. § 1836(b)(3)(D). Finding Washington has not defined bad faith in this context, the district court looked to California's approach in *Gemini Aluminum Corp. v. California Custom Shapes, Inc.*, 116 Cal. Rptr. 2d 358, 368 (Cal. Ct. App. 2002). Yet outside the UTSA, Washington has recognized that attorneys' fees may be awarded "on the equitable grounds of . . . bad faith," specifically for: (1) prelitigation misconduct; (2) procedural bad faith; and (3) substantive bad faith. *Rogerson Hiller Corp. v. Port of Port Angeles*, 982 P.2d 131, 135 (Wash. Ct. App. 1999). Prelitigation misconduct is "obdurate or obstinate conduct that necessitates legal action to enforce a clearly valid claim or right," procedural bad faith is "vexatious conduct during the course of litigation," and subjective bad faith "occurs when a party intentionally brings a frivolous claim, counterclaim, or defense with improper motive." *Id.* at 136 (citations omitted).

Here, no such circumstances exist to support a finding that RJB brought and maintained this suit in bad faith. Thus, the district court erred in finding Castleberry entitled to attorneys' fees.

**AFFIRMED IN PART, REVERSED IN PART**. Each party shall bear its own costs on appeal.